I'm here with Judge Schall and Judge Moore. Are you prepared to begin your argument? I am. I'm going to have to ask you to watch your own time. As you know, you have ten minutes in your initial argument. I'll try and remind you as you approach that point that you need to wind up your initial presentation. May I also ask you to pause occasionally in case one of the judges wishes to ask a question. We don't have you in our sight, so we need to have a chance to interrupt you if necessary. Will you be mindful of that necessity? I will. Thank you, Judge Rader. All right. Then you may proceed, Mr. Jones. Thank you. We submit in this case that reversal of the Court of Federal Claims is clearly required. The claim issue for attorneys and associated costs is not a breach of contract. It is not a claim that arises under some species of equity or that requires reliance or the like. This is a claim under the explicit terms of a statute, the Equal Access to Justice Act, and particularly subparagraph D. There are three of that law that are directly applicable, and we submit controlling here. The first, D-1A, which says that the court shall award fees unless it finds the position of the government was substantially just. That means that a prevailing plaintiff such as here is entitled… Excuse me one second, Mr. Jones. We're having a little trouble with your breaking up a little bit as you talk. Are you still there? Yes, I am, and you're not quiet. Can you hear us? I can quite clearly. Okay, well maybe if you can proceed, but we're having a little trouble hearing you here, so don't stand too close to the microphone, but go ahead and proceed. I'll do my best. I was discussing Section D.A. of the Act, of the statute, that controls this matter, and that provides that a prevailing plaintiff such as Highshear should receive his attorney's fees unless the government establishes what amounts to an affirmative defense of substantial justification. The second provision of that statute that's pertinent here is Section D-2-D, which we've cited here. Mr. Jones, once again I need to interrupt you. Are you speaking into a speakerphone or into a telephone? I'm speaking into a telephone. Okay, we're still having a little trouble with it breaking up. Let's go ahead and proceed again, Mr. Jones. We'll make sure you receive a little extra time for these interruptions. I will try to speak slowly and as distinctly as I can. Thank you, Your Honor. The section of the controlling statute to which we just alluded provides that the position of the United States, which is to be evacuated for substantial justification, includes the action of the agency. Counsel, this is Judge Moore. But doesn't the court below find in its opinion that the defendant's positions during the development of the case and the litigation had reasonable foundations and were substantially justified? Those were appeared in the decision, Judge Moore. They appeared in the same architecture in which the state made that the court find that the defendant's positions during the development of the case and the litigation had reasonable foundations. In that instance, that case referred to the matter before the court was planned. And the initial intent of that paragraph reads, In the defense, the government presents a substantial and substantial justification. That referred to the defense. That was presented in the case to the court. Those are defense. Those are not the act. Or the case of the death made in the final decision. I would suggest that that here, in section B.1.d, says whether or not the position of the United States was substantially justified. Should it be determined on the basis of the record, or include record with respect to the act, or if the act might be upon the civil act to be made in it prior to the conduct of the act. That referred to the final decision of the contracting office. I would point out that the disputes act itself requires that final decision to include a statement of the reason for the decision. That's from 41 U.S.C. section 605. Mr. Jones, we're going to need to suspend. Do you have another number you can be called on? This number is not working. We're having real trouble hearing you. And unless you have another number, we're not having any success here at all. The number that was dialed is our master number. We have three other lines, and you might try redialing in on one of those. Give one of those to Reginald, who will call you back, and we'll try another number. Okay. Try 894. You didn't get the number. Did you get the number? Ask him again. Just pick it up. Mr. Jones, I'm sorry. Can you give me that phone number again, please? It's 833-8894. Thank you. Reggie, I think it could be the gain on our amplifier clipping his thing, because it's turned up very loudly. If the judges wouldn't mind, if we turn it down a little, we might actually get him. Last time we do this, huh? Hello, this is Peter Jones. Mr. Jones, this is the Federal Circuit. Can you hear me now? I can. Okay, Mr. Jones, we're going to try again. Why don't we allow Judge Moore to ask her question again, and we'll proceed from that point. All right. So, counsel, my question was, doesn't the court below explicitly indicate that it considered the development of the case and the litigation behavior in its conclusion? The sentence that you quoted appeared in the decision. It appeared in a paragraph that begins, In sum, the defenses the government presented were reasonable and, therefore, substantially justified under the statute. In that context, the statement about the defendant's position during the development of the case is clearly a reference to what happened in the case that is in the Attorney for the Court of Federal Claim, Act, File 2. There is no indication in this paragraph, or I would say in the decision, that the court considered those final decisions as part of the position of the government. Hello? Yes, we're still with you, Mr. Jones. Go ahead. Oh, I'm sorry. I wasn't getting an echo anymore, and I thought perhaps I'd lost you. No, we're hearing you better now. Please proceed. Okay. The law to which I've just alluded is very clear that the CFC was required to consider the contracting officer's final decisions and their falsity as part of the position of the United States. Mr. Jones? In the language that I just quoted. Mr. Jones? Yes? I was going to blow the whistle. Mr. Jones, this is Judge Schall in the court. Yes. You said the falsity of the decision. That suggests some intentional misstatement, if you will, and put it in crude terms, a knowing misstatement of the facts. It does appear here that you elicited on cross-examination at the trial proceedings that, yes, there was a mistake as to the reason for the shortfall, but you're not suggesting, are you, that there was any improper conduct? I'm not suggesting, and I don't think that the record would support the notion that there was deliberate deception in this case. I'm sorry. So really what we have here is a situation where the contracting officer, through I guess the woman who prepared the decision, was mistaken as to the reasons for the shortfall, right? The special to prepare the decision was a man, and that statement that it made as to both two particulars. First, that there was a significant reduction in their budget, and secondly, that that budget had anything to do with the amount of food that they ordered. Let me ask you this. Believe me, I'm not trying to denigrate your argument, but it was established that the contracting officer's decision was mistaken in this regard, and there's a footnote in the EJID decision that recognizes this. So I guess I'm having a difficult time understanding what the problem is here. Well, first, Your Honor, I don't agree that that footnote acknowledges the falsity here. In fact, I think that footnote is quite misleading. It fails to acknowledge that the fundamental testimony of that person who wrote that language was that what was stated to be a fact was not a fact. Yeah, there was a mistake made. And in answer to the question you previously raised, you said, does this rise to the level of some kind of falsehood? I think that, for example, if you would have bought this sentence of false statements or the False Claims Act, well, did this state, if deliberately false, would have made recognition regardless of whether or not it was true, because the funding of the agency was incredibly substantial, and simply to come out and say, well, it was substantially reduced. But, counsel, didn't the court find that the actions of the government were negligent, but expressly find there was no bad faith on the part of the government? Yes, the CF said that. And also, on page 3 of the opinion, doesn't the court hold that the government's position viewed over the entire course of the dispute was not substantially justified is the issue to be decided by the court? Yes, that's the court's statement of the law. Right, so whether the government's position over the entire course of the dispute, and you want us to find that the court, since it didn't articulate in detail the fact that the negligent behavior by the contracting officer, since they didn't speak to that in the discussion of the denial of attorney's fees, you want us to assume that they didn't consider it, even though they told us at the outset that they know they had to? No, I don't think that's fair state, Judge Moore. I think that our position is the CFC, the Court of Federal Claims, should be taken at its word when, in its conclusion, it said in sum the defenses that the government presented. The statements in the final decision were not part of those defenses, but they are, by law, part of the position of the government for purposes of determining substantial justification. And we further our position, and I'll submit this, when a final decision that's required by law to state they contain a false state of materic facts, and by false, I mean they're just untrue, particularly where that fact is within the government's purview. It's easy to find in the government's record, and it should certainly be accurate as part of the determination to be made by a contracting officer that that, A, has to be considered for it where? In other words, considered for what it is. And further, we submit that something like that really has to be given very substantial weight in determining whether the position of the government was substantially justified. Indeed, we would argue that where something like this occurred, there should be a first aid rule that the position of government, when it states in the final decision required the contractor to litigate, is false. That the position of government is not substantially justified, period. Mr. Jones, let's at this point hear from Mr. Austin for the government, and then we'll restore to you your full five minutes of rebuttal. Thank you. Thank you, Mr. Jones. Mr. Austin. If you have any trouble hearing Mr. Jones, will you please let us know? I will. Thank you. Please proceed, Mr. Austin. May it please the court, Highshear's argument takes one sentence in the judge's comprehensive opinion regarding the government's position as being substantially justified, takes one sentence and attempts to expand it to the level that it demands relief in the words of Highshear. But when we read the trial court's opinion and understand that, one, the standard of review is an abuse of discretion, Highshear has not pointed to anything that was in the opinion or that the trial court failed to do that would render the trial court's finding that the government's position was substantially justified, that would render it wrong. Taking Highshear's argument at face value, where it says that because of the wrong information in the contracting officer's final decision, it was forced to litigate and to discover the true facts. Implicit in that statement is once he discovered the true facts, why did he end the litigation? During discovery and prior to trial, we acknowledged that there were reasons other than the funding which led to the variance between the estimated and actual orders. If his purpose was to find the true facts, once he found the true facts, the litigation should have ended. He continued to pursue, or Highshear continued to pursue, the litigation in its quest for lost profits and lost profits through all of the years of the contract to include the base year and the option year. If we look at the contracting officer... You're saying that the issue here was not so much that there was an error with respect to the estimates, but rather the real focus of the proceedings was damages. Is that what you're saying? Yes, Your Honor. From almost the beginning of the litigation, we acknowledged that there was information that was omitted from the formula that the government used to make the basis estimate. Our position during the litigation was that the omitted data had little or no effect upon the orders that were actually ordered versus the estimate. As the trial court stated... Counsel, that's certainly your position, I understand you to be making during litigation, but as I understood the appellant's argument, it was focused on what he perceived to be the trial court's failure to take into account the negligence in the contracting officer's decision as part of the EAJA analysis. I understand that he is basically saying that that failure to take into account that information in this analysis violates the law with regard to how you determine the EAJA entitlement. Your Honor, I understand his position, and because he waited until, in essence, his reply to make the argument that the Wilner line of cases does not apply, we didn't have an opportunity to address that. But when you look at what he is arguing, to draw an analogy, it's similar to the grounds for a termination default. I believe the law in this circuit says that so long as there are other grounds that existed at the time, then the termination for default will be upheld. When we look at the variance between the estimated and the actual orders, there was one reason that was posited in the contracting officer's final decision, that of a lack of funding. But when we got to trial, we identified at least three other reasons that predated the litigation that explained the variance between the estimated and the actual orders. But I think that their argument is that you wouldn't have ended up in litigation if the contracting officer had done his job properly, and therefore Highshear was forced to bring suit and respond to the contracting officer's only articulated basis for denial, which was ultimately determined to be negligent on the part of the government. I understand that, Your Honor, but I once again... Why shouldn't they get some attorney's fees, maybe proportioned for that purpose? Your Honor, because if we... Accepting their argument where we are to focus on the contracting officer's final decision, as with any document, we have to read the document as a whole. When you look at the one sentence that Highshear has identified as worthy of some relief, it is in the portion where he's explaining the underlying rationale. But then the contracting officer goes on to say, based upon the following, and then he lists three reasons, and that's the same document, I believe, is at appendix page 21 and 15, but he goes on to list three reasons why he denies the claim for damaging. Among them is that the executive summary included with the IFB and contract specifically stated that the contract would not have any guarantee minimum ordered quantity. And then he goes on to say that, if I had determined that Highshear Technologies entitled the damage, I believe that the amount to which it would be entitled to would be the amount of actual damage which it suffered as a result of the shortfall between the excimated and ordered quantities for the three ordering years. That is the standard that the trial court used for damages. So even if we accept his argument, that only explains one step in the equation in terms of liability plus damages. The government was correct in terms of, when I say correct, Your Honor, we were substantially justified, and the government was substantially justified in pursuing this through the litigation because the government's position, both pre-litigation and during the litigation, was that the omitted data had little effect on the actual orders, and therefore Highshear was not entitled to damages. Especially when we look at some other facts that the trial court alluded to in her opinion on substantial justification. Highshear bid the same price for each of the five ordering years. If they were relying on the government's estimate, they should have varied their costs. The government had a defense contract audit agency review of Highshear's claim. The auditor found that Highshear would have lost money if all the orders had been fulfilled, and the president of Highshear agreed with that at trial. So when we look at everything in balance, when we look at the totality of the circumstances, we have what amounts to a negligent statement, an incorrect statement, on Highshear's side of the ledger, but then when we look at the government's position for litigating this case as far as we have, we have at least three other reasons that the trial court identified as to the variance, and we admitted that there was a problem with the formula. It was the amount of damages and the effect that we were substantially justified. When we look at the amount of recovery that Highshear received, when we look at the fact that there was a general reduction in armed forces, which could not have been foreseen at the time that the estimates were done, there was a change in army policy encouraging the return of unserviceable parts, which was not foreseen at the time, and lastly there was a return of residual assets from the system manager and the contractor. All of these predated the litigation. They were part of the government's position. So when we look at the totality of the circumstances, which the trial court did, she admitted that there were four reasons that were posited through the litigation. One of those would suggest that the government was incorrect, but the other three shows that the government's position was substantially justified. That is the crux of the issue, Your Honor. Counsel, does it show your position was substantially justified or that the damages were de minimis? Both, Your Honor. The standard is that the government does not have to be 100% correct in every step of the formulation. I think the standard is, would a reasonable person be justified in doing what the government did? And when we look at, yes, it's not the sole determinant is the lack of damages. It is not the sole determinant. But when we look, would a reasonable person have litigated this case as the government had given the outcome? And that is the substantial justification that the trial court employed. And when we look at substantial justification in that light, then their argument that they take one sentence out of the contract officer's final decision, one sentence out of the trial court's and balloon it into something that is worthy of monetary relief, when we have all of these other factors indicating substantial justification, their argument makes little sense in the main. Thank you, Mr. Alston. Anything further? Substitute any further questions, Your Honor. Okay. Thank you, Mr. Alston. Mr. Jones, you have five minutes. First, I should be clear that our complaint, our case here, is not that the contracting officer was negligent. Our case here is that the position of the government, that the Court of Federal Claims was required to evaluate, must have included the final decision. The operative statement of fact in that client's decision, the reason why enticement is penalty, is a statement that the agency's funding was reduced and that that's what accounted for the difference between the original estimate and the oral. That statement is not true. It was never true. And it was, if untrue, was ascertainable within the agency, readily ascertainable. If that is considered as part of the position of the agency, it has changed everything that follows. Contractors and their legal advisors... Counsel? Yes. This is Judge Moore. If the lower court's opinion had expressly said something along the lines of, in sum, the defenses of the government were reasonable and substantially justified, even though the contracting officer decision was not overall, therefore we conclude in our discretion that we are not going to award attorney's fees, even though we've clearly considered all of this. If there was no doubt that the trial court had clearly considered the negligence and the wrong decision of the contracting officer, but nonetheless said in its discretion based on the government's conduct at litigation, for example, they didn't continue to defend that position and those sorts of things, would you be here today arguing that that was an abuse of discretion, or is your argument really focused on the absence of evidence that the trial court considered that? Well, at this point in time, our principle argument in the issue we have presented is based on what the trial court said, was it based for decision, that it was based on what it had determined to be the reasonableness of the government to defend which of their positions in litigation. By the answer hypothetically, had the court said yes, we looked at what we acknowledge to be the untrue statement, the untrue operative statement of the final decision, and we find that somehow excused or submerged or diluted by subsequent reasonableness of the government's position. I think we'd probably still be here, because as I said previously, we believe that there should be a per se rule here. Contractors and their legal advisors generally believe that government contracting personnel act in good faith and are truthful. A decision like this could well mislead a contractor into abandoning a valid claim. Mr. Jones, what if there had been no contracting officer's decision at all? In that case, I don't really know what the position of the government at the agency level would be. I suppose you would be left with the proposition that their own position is the breach that they committed, which the Court of Federal Claims found, and your court affirmed. And frankly, I think that there can be no justification, substantial or otherwise, for breach of contract. In the Hubbard case, where— But there is law—excuse me again. There is law, though, to the effect that the EJIA law is not an automatic fee-shifting statute. And I guess the point is that you don't have to have a contracting officer's decision. You can have a claim submitted, the contracting officer does not issue a decision within 60 days, I guess, and then the contractor has the right to come into court or go before the Board of Contract Appeals. And the question is, was the decision of the contracting officer denying the claim, either in a decision or de facto, correct or incorrect? Well, I think what you're saying here is, if there's a deemed denial by failure to dissolve, I think then, Your Honor, the substantive issue for the profit form is simply, is the contract claim justified or correct? But in this case, we have a decision. In addition, by the way, if there's a deemed denial, under the rules of the ABCA, the contractor can file a motion to require that a decision be issued. But a decision is required by statute, and it's required to state its reason. And in this case, we have one. And the operative reason is false. And it must be, it must be, for purposes of e-justice, the position of the government at the agency level. What else is there? Thank you, Mr. Jones. Do you have any final comments? Your time is about expired. That concludes my comment. Thank you, Your Honor. Thank you, Mr. Jones. Thank you, Mr. Austin. And that concludes our hearing.